IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOLLYE L. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0203-WS-B |
| | ) |
| VAUGHAN REGIONAL MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss (doc. 19). The Motion has been briefed and is ripe for disposition.

**I.     Background.**

On April 10, 2009, plaintiff, Dollye L. Jackson, proceeding *pro se*, filed her Complaint (doc. 1) in this District Court against defendant, Vaughan Regional Medical Center. The two-page Complaint includes statements that Jackson "would like to file a lawsuit of Race Discrimination," but presents no facts in support of such a claim. Instead, Jackson offers "to send [the Court] proof of a letter from a co-worker who was fired after filing a complaint of race discrimination," and says that various other people of various races and in various job classifications resigned or were fired, without linking those events to her claims. Jackson's Complaint also expresses "great concern" about the apparent reassignment of her EEOC complaint from one investigator to another. As a postscript, the Complaint suggests that Jackson's former supervisor "filled out a disciplinary report on me because I filled [*sic*] my internal complaint. He did this for retaliation. This why [*sic*] he was fired in Jan 08."

The record reflects that Jackson attempted to perfect service of process on defendant via a certified letter addressed to "Vaughn [*sic*] Regional Medical Center, 1015 Medical Ctr. Pkwy., Selma, AL 36701." (Doc. 13 & doc. 20, at Exh. A.) This certified letter was not addressed to any particular person, but was instead simply addressed to the defendant entity.

Defendant has now filed a Motion to Dismiss maintaining that the Complaint should be dismissed because, *inter alia*, Jackson has failed to satisfy minimum pleading requirements and has failed to achieve valid service of process. Each of these contentions will be addressed in turn.

**II.     Analysis.**

   *A.     The Complaint Fails to Satisfy Rule 8 Pleading Standards.*

The Federal Rules of Civil Procedure require a plaintiff to set forth in her Complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. Recently, the Supreme Court has expounded on and clarified this threshold requirement by explaining that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations and internal quotation marks omitted).[1] Thus, it is pellucidly clear that "mere conclusory statements ... do not suffice" and cannot enable a complaint to withstand a sufficiency challenge at the motion to dismiss stage. *Id.*

The Court is well aware of Jackson's *pro se* status and the deferential review to which her pleadings are entitled. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972) (*pro se* complaints are held "to less stringent standards than formal

---

[1] These principles are consistent with, and indeed echo, those adopted by the Eleventh Circuit. *See, e.g., Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) ("A plaintiff must provide enough factual allegations, which are assumed to be true, to raise a right to relief above the speculative level.") (citation omitted); *James River Ins. Co. v. Ground Down Engineering, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.") (citation and internal quotation marks omitted); *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (test is whether complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citation and internal quotation marks omitted).

pleadings drafted by lawyers"); *see also Matzker v. Herr*, 748 F.2d 1142, 1146 (7th Cir.1984) (federal district courts must ensure that *pro se* litigants are given "fair and meaningful consideration"). But Jackson's *pro se* status does not excuse her from compliance with applicable procedural rules, including the Rule 8 pleading requirement. *See* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"). Nor does the leniency afforded *pro se* litigants give this Court license to serve as *de facto* counsel for her or to rewrite otherwise deficient pleadings on her behalf in order to navigate her claims past a defendant's Rule 12(b)(6) challenge. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Bearing the foregoing principles in mind, the Court finds that Jackson's Complaint falls far short of the applicable Rule 8 pleading requirements. The Complaint states that Jackson wishes to sue Vaughan for race discrimination, but it sets forth no facts that might support any such claim. Nowhere does the Complaint allege facts showing that Jackson has been mistreated on the basis of her race, much less that Vaughan might be liable for any such racially discriminatory treatment. At best, the Complaint contains allegations that certain of Jackson's co-workers were fired for reasons that she considers retaliatory, that her white supervisor was fired after completing a disciplinary report for her, that a co-worker said that "the Security Dept. is going to be all white," and that the EEOC assigned a different investigator to her case.[2] Nowhere in the Complaint does Jackson identify any adverse employment action taken against her, much less any factual basis to support a plausible claim that such adverse employment action was taken because of her race. Both of these are, of course, prerequisites for a Title VII

---

[2]  Plaintiff's Response (doc. 22) to the Motion to Dismiss exacerbates the confusion about the factual basis of her claims. Jackson states therein that she "received verbal threats from one PX Operator, who is has been [*sic*] fired from her job," that two white co-workers were fired or resigned, that two African-American employees were hired, and that one of them then resigned. (Doc. 22, at 1.) The Response also attaches a three-page typewritten internal complaint written by someone else. It is unclear what nexus any of these factual allegations have to Jackson's apparent claims of race discrimination and/or retaliation against Vaughan.

race discrimination action.  *See, e.g., Butler v. Alabama Dep't of Transp.*, 536 F.3d 1209, 1215 (11th Cir. 2009) ("To prevail on a discrimination claim ..., an employee must establish that she ... was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class.") (citations and internal quotation marks omitted).  To the extent that Jackson intends to interpose a retaliation claim, she likewise has failed to identify any facts plausibly showing that she was subjected to an adverse employment action that was causally related to her protected activity (apparently an internal complaint to Human Resources), as necessary to establish such a claim.  *See, e.g., Corbitt v. Home Depot U.S.A., Inc.*, 573 F.3d 1223, 1242 (11th Cir. 2009) (elements of a *prima facie* case of retaliation under Title VII include protected activity, adverse employment action, and causal connection between them).

Simply put, Jackson's cursory Complaint falls well short of the *Iqbal* directive that it contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  From reading her Complaint, one cannot discern how Jackson contends she was wronged by Vaughan and what factual basis she has for contending that any such wrong is actionable under Title VII's prohibitions on race discrimination and retaliation.  Accordingly, the Court concludes that Jackson has failed to satisfy the minimum pleading requirements established by Rule 8 and binding precedents, and that defendant's Motion to Dismiss is meritorious in that regard.[3]

The remaining question is whether Jackson's Complaint should be dismissed for noncompliance with Rule 8 and *Iqbal*, or whether she should be afforded an opportunity to replead.  The law in this Circuit is clear that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  Jackson has not requested such an opportunity here.  That omission would be fatal if she were represented by counsel.  *See Wagner v. Daewoo Heavy*

---

[3]   It is not sufficient to respond, as Jackson does, that "[t]he Defendant is aware of everything in my Complaint and other documents I have in my possession."  (Doc. 22, at 1.)  If a complaint lacks sufficient factual allegations to set forth a plausible claim for relief, it is irrelevant whether a defendant "is aware of" the facts or not.  The Federal Rules of Civil Procedure impose formal requirements for a valid complaint that a plaintiff must satisfy, irrespective of the defendant's knowledge or lack of knowledge.

*Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). However, the Eleventh Circuit has never announced in a published decision whether the *Wagner* rule applies to claims brought by a *pro se* plaintiff.[4] In the wake of *Wagner*, courts have continued to provide an opportunity for *pro se* plaintiffs such as Jackson to correct pleading deficiencies via amendment even where no request for leave to amend has been made, so long as "a more carefully drafted complaint might state a claim." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).[5] Therefore, the Court will *sua sponte* authorize Jackson to file an Amended Complaint that comports with the minimum pleading standards as described above. To that end, Jackson is **ordered**, on or before **October 21, 2009**, to file an Amended Complaint that satisfies these standards, including without limitation (a) specific identification of the legal claims or causes of action that she intends to assert against Vaughan, and (b) sufficient factual allegations to support a reasonable inference that those claims are plausible, that she has been wronged, and that Vaughan is liable for the misconduct alleged. On the second point, Jackson must set forth in her Amended Complaint what she contends Vaughan did to her and what facts lead her to contend that this treatment was unlawful. In the event that Jackson does not file her Amended Complaint in a timely manner, this action may be dismissed for failure to prosecute and failure to comply with the Orders of this Court.

    *B.    Service of Process is Defective.*

Alternatively, defendant seeks dismissal of the Complaint pursuant to Rule 12(b)(5), Fed.R.Civ.P., for insufficient service of process. Jackson endeavored to serve defendant via

---

[4] The *Wagner* court specifically declined to reach that issue. *See Wagner*, 314 F.3d at 542 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding *pro se*."). However, the Eleventh Circuit has stated in unpublished decisions that the *Wagner* rule does not apply to a *pro se* plaintiff. *See Case v. Riley*, 270 Fed.Appx. 908, 910 n.5 (11th Cir. Mar. 25, 2008); *Spear v. Nix*, 215 Fed.Appx. 896, 902 (11th Cir. Jan. 29, 2007).

[5] *See also Williams v. Monroe County Bd. of Educ.*, 2009 WL 1767658, *6 (S.D. Ala. June 23, 2009) (*sua sponte* granting *pro se* plaintiff leave to amend her complaint pursuant to *Bank*); *Rix v. Wells*, 2008 WL 4279661, *4 & n.1 (M.D. Fla. Sept. 16, 2008) (similar).

certified mail addressed to "Vaughn [*sic*] Regional Medical Center," rather than any particular officer or agent. Under federal and Alabama rules governing service of process on corporations and other entities, service must be directed to "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Rule 4(c)(6), Ala.R.Civ.P.; *see also* Rule 4(h)(1)(B), Fed.R.Civ.P. (service on corporations or other entities requires delivery "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). Commentary to the Alabama Rules explains that "personal or certified mail service ***must be directed to the registered or appointed agent or to a specific person, such as an officer.***" Committee Comments to Amendment to Rule 4, Ala.R.Civ.P., Effective August 1, 2004 (emphasis added); *see also Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp.2d 1230, 1238 (M.D. Ala. 2005) ("when attempting to serve a corporation by certified mail, the summons and complaint must be addressed to either a managing or general agent, or any agent authorized by appointment or by law to receive service of process, pursuant to Rule 4(c)(6)") (internal quotation marks omitted). By simply mailing a certified envelope addressed to Vaughan Regional Medical Center, Jackson unquestionably did not satisfy these service of process requirements.[6]

Having documented Jackson's noncompliance with applicable service of process requirements, the Court now turns to the question of remedy. There is ample authority for the proposition that "service generally will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly." 5B Wright & Miller, *Federal Practice & Procedure Civ.3d* § 1354.[7] In the

---

[6] Jackson's only response to Vaughan's Motion to Dismiss pursuant to Rule 12(b)(5) for insufficient service of process is that "the Defendant has been adequately served because of the Motion for Extension of Time to respond to the Complaint." (Doc. 22, at 1.) This argument is incorrect, as a matter of law. That a defendant has notice of a lawsuit does not imply that the technical procedural prerequisite of service of process has been completed. Nor did Vaughan's request for extension constitute a waiver of its right to object to the sufficiency of service of process.

[7] *See also Sampath v. Concurrent Technologies Corp.*, 227 F.R.D. 399, 401 (W.D. Pa. 2005) ("dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should at most, quash service,

case at bar, the Court believes there is at least a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly; therefore, service of process on Vaughan will be **quashed**, with Jackson being allowed an opportunity to re-serve the defendant via proper, valid means on or before **November 6, 2009**. Jackson is **ordered** to file proof of service on or before **November 13, 2009**, pursuant to Local Rule 4.1(a).[8]

### III.    Conclusion.

For all of the foregoing reasons, defendant's Motion to Dismiss (doc. 19) is **granted in part**, and **denied in part**. The service of process on defendant via certified mail dated July 20, 2009 is **quashed**. (*See* doc. 13.) Plaintiff is **ordered**, on or before **October 21, 2009**, to file an Amended Complaint correcting the pleading deficiencies identified herein. Plaintiff is further **ordered** to re-serve defendant with process via proper, valid means on or before **November 6, 2009**, and to file proof of service on or before **November 13, 2009**. Failure by plaintiff to comply with all of these requirements in a timely manner may result in dismissal of this action for failure to prosecute and failure to comply with the Orders of this Court.[9]

---

leaving the plaintiff [ ] free to effect proper service.") (citations omitted); *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp.2d 746, 750 (W.D. La. 2000) ("The general rule is that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.") (citations and internal quotation marks omitted); *Korman v. I.R.S.*, 2007 WL 404041, *1 (S.D. Fla. Feb. 2, 2007) (upon technical failure in service of process on defendant, quashing of service of process was appropriate remedy, not dismissal of complaint).

[8] It is plaintiff's responsibility to arrange for the Clerk's Office to issue any additional or alias summons that might be necessary, identifying the correct and proper service address of defendant. It is also plaintiff's responsibility to identify the correct officer or agent to serve; however, the Court notes that Alabama Secretary of State records reflect that the registered agent for Vaughan Regional Medical Center, LLC in Alabama is The Corporation Company, 2000 Interstate Park Dr., Suite 204, Montgomery, AL 36109.

[9] Although the Court has previously cautioned her on this point, the form of plaintiff's filings continues to be improper. Simply put, her filings are incorrectly framed as correspondence rather than as court documents. Plaintiff must correct this deficiency henceforth, and must comply with Rules 5, 7, 10 and 11 of the Federal Rules of Civil Procedure, as well as Local Rule 5.1. For example, each of Jackson's filings in this District Court must include the caption of the case (in the form found at the top of the first page of this Order). Below the caption, the filing should identify what is being filed (*i.e.*, Motion to Dismiss, Amended

DONE and ORDERED this 6th day of October, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

Complaint, Notice of Filing, etc.).  Next is the body of the document, in which plaintiff submits the information or argument she wishes to present to the Court in concise, organized, paragraph form.  After the body, there must be a signature block that includes plaintiff's signature, mailing address and telephone number.  Lastly, plaintiff's filings must include a Certificate of Service pursuant to Rule 5(d)(1), Fed.R.Civ.P.  Additional formatting information is available in the *Pro Se* Litigant Guide previously sent to plaintiff.  Nonconforming documents may be stricken *sua sponte* for noncompliance with applicable rules of civil procedure and orders of this Court.