IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOLLYE L. JACKSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 09-0203-WS-B |
| | ) |
| VAUGHAN REGIONAL MEDICAL CENTER, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

    This matter comes before the Court *sua sponte*.

    Plaintiff, Dollye L. Jackson, proceeding *pro se*, filed the Complaint (doc. 1) on April 10, 2009, against defendant, Vaughan Regional Medical Center. The two-page Complaint included statements that Jackson "would like to file a lawsuit of Race Discrimination," but presented no facts in support of such a claim. At best, the Complaint recited allegations that certain of Jackson's co-workers had been fired for reasons that she considered retaliatory, that her white supervisor had been fired after completing a disciplinary report for her, that a colleague had stated that her department would be "all white," and that the EEOC had reassigned her administrative charge to a different investigator. Nowhere did the Complaint identify any adverse employment action taken against Jackson, much less any factual basis to support a plausible claim that such adverse employment action was taken because of her race.

    Defendant promptly challenged the sufficiency of Jackson's pleading under the requisite standards of Rule 8, Fed.R.Civ.P., as construed in *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Upon review of defendant's motion to dismiss, the Court concluded via Order (doc. 24) dated October 6, 2009, that Jackson's Complaint fell far short of the applicable Rule 8 pleading requirements, and that it did not satisfy the *Iqbal* directive that it contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Notwithstanding this determination, in deference to Jackson's *pro se* status, the Court did not dismiss her Complaint outright, but instead *sua sponte* authorized her to remedy these

deficiencies by filing an Amended Complaint that comports with minimum pleading standards. In that regard, the October 6 Order provided that "Jackson is **ordered**, on or before **October 21, 2009**, to file an Amended Complaint," and furnished her with specific guidance as to the necessary detail that her amended pleading must contain to pass muster under the Federal Rules of Civil Procedure and *Iqbal*. The October 6 Order cautioned Jackson as follows: "In the event that Jackson does not file her Amended Complaint in a timely manner, this action may be dismissed for failure to prosecute and failure to comply with the Orders of this Court." (Doc. 24, at 5.) The Court reiterated this admonition in the "Conclusion" section of that Order. (*Id.* at 7.) To date, however, Jackson has not acknowledged or responded to that October 6 Order. Her deadline for doing so expired more than a week ago.

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The October 6 Order was both reasonable and well-grounded in law, yet Jackson ignored it, despite having been warned of the dire consequences of doing so. Such dilatory conduct warrants imposition of sanctions. District courts possess inherent power to sanction errant litigants before them. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."). Such power unquestionably includes the authority to dismiss a party's claims "for failure to prosecute with reasonable diligence or to comply with [the court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle*, 556 F.3d at 1240 ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for ... failure to comply with a court order").

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff."

*McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution). All of these factors are present in this case.

Despite the Court's specific instructions to Jackson that it was imperative that she correct her defective pleading by a date certain, and despite the Court's twice-repeated admonition that failure to do so would result in the dismissal of their Complaint, plaintiff has not filed an amended complaint. Indeed, she has not responded to the October 6 Order in any form or fashion. Under the circumstances, the Court finds that lesser sanctions will not suffice, and is left with no reasonable alternative but to dismiss this action for failure to comply with minimum pleading requirements, for failure to prosecute, and for failure to abide by the orders of this Court. Accordingly, this action is hereby **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P. A separate judgment will enter.

DONE and ORDERED this 30th day of October, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE